UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN ELLIOT,<br><br>                Plaintiff,<br><br>        v.<br><br>CONAGRA BRANDS, INC.,<br><br>                Defendant. | No.  2:23-cv-01417 MCE AC<br><br><br>ORDER |

Defendant has moved for a protective order staying discovery pending the resolution of a fully briefed and submitted motion to dismiss.  ECF No. 29.  This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1).  The parties initially filed independent briefing (ECF Nos. 29, 32, 34) in violation of the applicable Local Rule, and subsequently filed the required joint statement.  ECF No. 35.  The court has reviewed all the filings, but notes for the parties' future reference that only the joint statement should have been filed.  See Local Rule 251.  For the reasons set forth below, the motion to stay discovery is DENIED.

## I.     Relevant Background

This putative class action was filed on July 17, 2023, asserting various consumer protection causes of action.  ECF No. 1.  On October 2, 2023, defendant filed a motion to dismiss the case in its entirety for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 21.  The motion was submitted as of December 14, 2023.  ECF No. 25.  On February 2, 2024,

1

defendant filed the motion at bar to stay discovery pending the resolution of the motion to dismiss. ECF No. 29.

## II. Motion to Stay Discovery

### A. Legal Standard

District courts exercise "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). The court has broad discretion to stay proceedings as an incident to its power to control its docket. Clinton v. Jones, 520 U.S. 681, 706 (1997); see Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936) (stating power to stay proceedings is incidental to power inherent in court to control cases with economy for itself, counsel and litigants)). A party may seek a protective order staying discovery pending resolution of a potentially dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). The ordinary course of litigation is for discovery to proceed in the face of a pending dispositive motion, and courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." Salazar v. Honest Tea, Inc., 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *1 (E.D. Cal. 2015) (citation omitted). On the other hand, a stay of discovery pending the resolution a potentially dispositive motion furthers the goal of efficiency for the courts and the litigants. See, e.g., Little, 863 F.2d at 685.

Courts in the Ninth Circuit often employ a two-part test to determine if delaying discovery is appropriate: (1) whether the pending motion is potentially dispositive of the case, or at least would render unnecessary the discovery at issue; and (2) the pending motion can be decided absent additional discovery. Salazar, 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *2. The first prong is not satisfied if disposition of the motion would likely involve leave to amend. See, e.g., Mlejnecky v. Olympus Imaging Am., Inc., 2011 U.S. Dist. LEXIS 16128 at *32, 2011 WL 489743 at *9 (E.D. Cal. Feb. 7, 2011) (finding a pending motion to dismiss not dispositive of the case where the Magistrate Judge anticipated that, even if the motion were

granted, the District Judge would grant leave to amend). "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." Yamasaki v. Zicam LLC, No. 21-CV-02596-HSG, 2021 U.S. Dist. LEXIS 157156, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (citation omitted).

Whether discovery should be stayed pending the outcome of a dispositive motion involves a case-by-case analysis. The factors the court should consider include: "'[T]he type of motion and whether it is a challenge as a "matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of the discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.'" Skellerup Industries Limited v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (quoting Hachette Distribution, Inc. v. Hudson County News Company, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). The court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and eliminate the need for the discovery. Salazar, 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *2 (citations omitted).

B. Analysis

The undersigned first considers the two-factor test. It is apparent that the pending motion is potentially dispositive of the case and does not itself depend on any discovery. However, the motion raises multiple arguments, and a "preliminary peek" does not clearly indicate that the motion is likely to succeed. Further, the motion to dismiss attacks the sufficiency of plaintiff's claims; even if defendant were successful, it is not readily apparent that leave to amend would be precluded.

Turning to the circumstances identified in Skellerup, supra, the court considers first the type of dispositive motion at issue. As already noted, it is significant that the pending motion to dismiss is complex: it raises eight different arguments, none of which are straightforward "matter of law" type issues. ECF No. 21. The motion's complexity and the possibility of leave to amend

disfavor a discovery stay.  As to the nature and complexity of the action itself, this case is a putative class action that may ultimately involve extensive discovery.  However, defendant's only articulated harm is the costs of responding to discovery.  The court finds that this is not a sufficiently particularized or unique harm to support a discovery stay where it would not otherwise be warranted.  Further, there is no indication that defendant has attempted to meet and confer regarding managing the discovery process in a manner that reduces burden yet moves the case forward.  Nor does the procedural posture of this case raise any special concerns; the case is in its early phases and progression has been typical.  In sum, the undersigned concludes that the Skellerup factors weigh in favor of proceeding with discovery in the ordinary course.  As always, the parties are strongly encouraged to work cooperatively through the discovery process.

### III.   Conclusion

The motion to stay discovery at ECF No. 29 is DENIED.

IT IS SO ORDERED.

DATED: April 17, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE